IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDDIE GENE EVANS,

                Plaintiff,                OPINION AND ORDER

   v.

                                          13-cv-421-wmc

RICK RAEMISCH, *et al.*,

                Defendants.

---

Plaintiff Eddie Gene Evans has filed a proposed civil action pursuant to 42 U.S.C. § 1983, alleging constitutional violations in connection with multiple incidents. Evans requests leave to proceed under the federal *in forma pauperis* statute and has made an initial partial payment of the filing fee as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b). Before this case may proceed, the PLRA also requires the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any *pro se* litigant's pleadings, the court reads the allegations in the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, Evans's request for leave to proceed must be denied for the reasons set forth below.

ALLEGATION OF FACTS

Evans is presently incarcerated by the Wisconsin Department of Corrections ("WDOC") at the Columbia Correctional Institution ("CCI") in Portage. Before January

2010, Evans was confined at the Stanley Correctional Institution ("SCI").

The named defendants include several administrators and officials employed by WDOC in Madison: Former WDOC Secretary Rick Raemisch; Administrator Sharon Williams; Administrator Julie Cavanaugh; WDOC Division of Community Corrections ("DCC") Official Roberta Gaithers; DCC Official Carol J. Braines; DCC Official Sam Schneider; DCC Agent Supervisor Mark Mellanthin; and Parole Agent John Fiorello. The defendants also include the following officers and officials at SCI: Captain Warren Dohms; Security Director Richardson; Records Supervisor Catrina Semanko; Warden Jeffrey Pugh; former Warden Tim F. Haines; William J. Grosshan and Denise A. Symdon. In addition, Evans sues the following other individuals: Chippewa County District Attorney Jon M. Theisen; Chippewa County ADA Roy LaBarton Gay; Stanley Chief of Police Roy S. Frederickson; and fellow inmate WDOC Calvin Sanders.

In April 2003, Evans was arrested and charged with unlawfully carrying a concealed weapon and aggravated robbery by threat of force, among other things. As a result of these charges, officials in Louisiana issued a warrant or detainer against Evans for violating his parole from that state. At the time, Evans was also reportedly wanted for escaping from prison in Utah, where he "walked away" from a roadside work crew.

Evans was eventually convicted of armed robbery by threat of force in Dane County Case No. 2003CF1002, and sentenced to serve seven years in prison, followed by a 13-year term of extended supervision. On January 21, 2010, Evans was released from SCI pursuant to a "sentence adjustment petition" that was granted by the Dane County Circuit Court in 2003CF1002.

Shortly thereafter, on January 26, 2010, Evans was arrested based on an order from the Chippewa County District Attorney's Office and the Stanley Police Department. In particular, a "hold" was placed on Evans's release to a transitional living placement residence after he was implicated in a "scam" to falsify release paperwork involving at least two other prisoners, identified as Jimmy Baldwin and Henry Spencer.[1] Evans claims that officials at SCI (Captain Dohms and Security Director Richardson) asked for the hold based on a tip from defendant Sanders.

On May 3, 2012, Evans was formally charged in Chippewa County Case No. 2012CF191, with multiple counts of attempted escape, forgery, uttering a forgery and misappropriating identity to avoid penalty. That case was eventually dismissed without prejudice and refiled as Chippewa County Case No. 2012CF496. This second case was then stayed temporarily pending an appeal filed by Evans, but remains pending.

Evans alleges in general that defendants Raemisch, Williams, Cavanaugh, Gaithers, Briones, Mellanthin, Fiorello, Schneider, Semanko, Dohms, Richardson, Pugh, Haines, Theisen, Gay, Frederickson, Grosshan, Symdon and Sanders "deliberately fabricated false statements" that resulted in his false arrest, false imprisonment, and malicious prosecution in violation of the Fourteenth Amendment Due Process Clause. Evans further accuses the defendants of defamation for lodging false charges against him.

---

[1] According to exhibits, Baldwin's sentence was reduced from 75 years to 20 years, resulting in his early release. (Dkt. # 1, Exh. B). Spencer's sentence was reduced from 24 years to 5 years, which obviously resulted in a substantially earlier projected release date. (*Id*.).

OPINION

There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970–71 (7th Cir. 2004). A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Fed. R. Civ. P. 8. In that respect, Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). While it is not necessary for a plaintiff to plead specific facts, he must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint may also be dismissed because the facts as alleged show that the plaintiff does *not* have a claim. *Thomas* 362 F.3d at 970 (a meritless complaint should be dismissed "without further ado"). In other words, a plaintiff must not only plead himself into court with a short plaint statement of the nature of the claims, but may also "plead himself out of court" by including allegations which show that he has no valid claim. *Lekas v. Briley*, 405 F.3d 602, 613-14 (7th Cir. 2005) (citations omitted).

Here, Evans invokes 42 U.S.C. § 1983 as the basis for federal jurisdiction. Section 1983 authorizes an action for damages from civil rights violations committed by any person acting under the color of state law. To state a claim under § 1983, a plaintiff must allege — at a minimum — the violation of a right protected by the Constitution and laws of the United States. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979); *see also Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009) (reciting the elements required to make a

claim under § 1983). For reasons discussed briefly below, none of Evans's allegations rise to that level.

As an initial matter, Evans does not allege specific facts demonstrating that any of the supervising defendants Raemisch, Williams, Cavanaugh, Gaithers, Braines, Schneider, Mellanthin, Fiorello, Semanko, Frederickson, Pugh, Haines, Grosshan or Symdon were *personally* involved in the criminal prosecution that form the basis of the complaint. Under 42 U.S.C. § 1983, plaintiff's liability claim must be based on a defendant's personal involvement in the asserted constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Moreover, to the extent that some of these defendants are supervisory officials, there is no vicarious or *respondeat superior* liability under § 1983. *See Monell v. Dep't of Social Servs., City of New York*, 436 U.S. 658, 690-91 (1978).

Thus, it is not sufficient to allege that an official is liable on the basis of his supervisory status alone. *See Palmer*, 327 F.3d at 594. Instead, a plaintiff must show that the supervisory official knew about the violation and facilitated it, approved it, condoned it or turned a blind eye. *See Morfin v. City of Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003). Here, Evans's claims against these defendants, which consist only of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to establish a plausible liability claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing *Twombly*, 550 U.S. at 555). Therefore, Evans's claims against these defendants must be dismissed.

Construed generously, Evans contends that defendants Theisen and Gay filed false criminal charges against Evans in Chippewa County Case No. 2012CF496 based on information supplied by Dohms, Richardson and Sanders. As prosecutors employed by the Chippewa County District Attorney's Office, Theisen and Gay are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *See Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Because Evans alleges no facts showing that Theisen and Gay exceeded the scope of their official duties, his claims against these defendants will be dismissed.

To the extent that Evans claims that his arrest was false, his allegations do not show that the charges against him lacked probable cause. Instead, Evans provides a detailed report of the investigation that led to his arrest and ensuing indictment in Case No. 2012CF496. (Dkt. # 1, Exh. B). On the contrary, based on the police report detailing Evans' involvement in a scam to obtain early release from prison through fraudulent means, which gave the police probable cause to make an arrest, a plausible claim of false arrest was not plead. *See Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012). "Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest." *Id.* (quoting *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006)). Accordingly, Evans's claims of false arrest must also be dismissed.

Evans next appears to contend that Dohms violated the Fourth Amendment by conducting an illegal search and seizure by confiscating two items of mail. However, this

6

search allegedly conducted while Evans was in custody was legal on its face since prisoners have no expectation of privacy with respect to their property. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Sparks v. Stutler*, 71 F.3d 259, 260 (7th Cir. 1996). Therefore, Evans does not articulate a viable Fourth Amendment claim either.

Likewise, allegations of malicious prosecution do not implicate a constitutional violation and are not actionable under 42 U.S.C. § 1983 unless no remedy for this conduct exists in state law. *See Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001) (explaining that "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution"). Because Wisconsin recognizes a cause of action for malicious prosecution, *see Strid v. Converse*, 111 Wis. 2d 418, 423, 331 N.W.2d 350, 353-54 (1983), these claims, too, are not actionable under § 1983.[2]

Similarly, Evans' allegations of defamation are not actionable under § 1983 because such claims do not involve the deprivation of rights, privileges or immunities secured by the Constitution or laws of the United States. *See, e.g., Paul v. Davis*, 424 U.S. 693, 711-12 (1976) (recognizing that, while a state may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Due Process Clause). In other words, "an individual has no cognizable liberty interest in his reputation; consequently, when a state

---

[2] Even if actionable, Evans cannot state a viable claim for malicious prosecution under Wisconsin law, which, among other things, requires a plaintiff to prove that the judicial proceedings instituted "by, or at the instance of," the defendant were terminated in plaintiff's favor. *See Strid*, 111 Wis. 2d at 423, 331 N.W.2d at 353-54. As noted above, the charges lodged against Evans in Case No. 2012CF496 remain pending, which means that the proceedings have not terminated at all, much less in his favor. Because the absence of any one essential element is fatal to a claim of malicious prosecution, *see id.*, 111 Wis. 2d at 423, 331 N.W.2d at 354, Evans cannot state a claim upon which relief may be granted.

actor makes allegations that merely damage a person's reputation, no federally protected liberty interest has been implicated." *Mann v. Vogel*, 707 F.3d 872, 878 (7th Cir. 2013) (citations omitted); *see also Baker*, 443 U.S. at 145 (noting that "[t]he Constitution does not guarantee that only the guilty will be arrested" or charged with an offense). Since Evans has demonstrated neither that the criminal charges against him are devoid of probable cause, nor that he has been denied any procedural protection afforded by the Bill of Rights during his state court criminal proceedings, his defamation claim must be dismissed for failure to state a claim upon which relief may be granted under § 1983. *See Paul*, 424 U.S. at 701.

Finally, to the extent that Evans complains that he has been falsely imprisoned as the result of the charges against him, he cannot proceed with a claim under 42 U.S.C. § 1983. As Evans concedes, he is currently in custody as the result of a parole revocation based on violations of the terms of his supervised release. Evans implies that his parole revocation was caused, in part, by the false charges lodged against him by the defendants. Any challenge to his revocation is barred, however, by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Evans cannot show that his underlying sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id*. at 486-87. Indeed, since Evans concedes that his parole revocation has not been vacated or set aside, it follows that his claims of false imprisonment are not cognizable under 42 U.S.C. § 1983 and that his complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b). *See Smith*

*v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (holding that *Heck* precluded any relief under § 1983 absent a successful challenge to plaintiff's parole revocation).

## ORDER

IT IS ORDERED that:

1. Plaintiff Eddie G. Evans's request for leave to proceed with his complaint (dkt. #1) is DENIED and the complaint is DISMISSED with prejudice for failure to state a claim.

2. The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g).

Entered this 7th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge